UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Plaintiffs' Motion for Partial Summary Judgement [DE 62] |
|---|---|

## I.   INTRODUCTION

On March 11, 2020, O.A., a minor proceeding by and through his mother Jesika Smith ("Smith") (collectively, "Plaintiffs"), filed a First Amended Complaint ("FAC") against Orcutt Union District School, Deborah Blow, in her individual and official capacities, and Kathy Long, in her individual and official capacities (collectively, "Defendants"), alleging violations of: (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"); (2) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and (3) 42 U.S.C. § 1983.

Presently before the Court is Plaintiffs' Motion for Partial Summary Judgment. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

In their FAC, Plaintiffs allege as follows:

O.A. is seven years old and has autism that manifests in extreme behaviors and poses danger to him and others. O.A. attends Orcutt Union District School (the "School"), where Deborah Blow is superintendent and Kathy Long is director of Special Education.

To treat O.A.'s condition, his doctor prescribed Applied Behavior Analysis ("ABA") therapy. On multiple occasions Smith requested that Defendants allow O.A. to be treated by his insurance-funded ABA therapist while at School. However, Defendants denied Smith's requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

On December 19, 2019, before filing this lawsuit, Smith requested a due process hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, seeking, among other remedies, a determination by the California Office of Administrative Hearings that O.A. is entitled to treatment by his ABA therapist while at School. Smith's due process hearing was conducted before an Administrative Law Judge ("ALJ") on multiple days between June 30 and September 24, 2020. (*See* ALJ Decision 1, ECF No. 62-10.) On December 4, 2020, the ALJ issued her decision denying Smith's request for relief. Plaintiffs have filed an administrative appeal of the ALJ Decision.

On January 3, 2020, Plaintiffs initiated this lawsuit. Here, Plaintiffs seek the same relief that Smith sought in her due process hearing, but base their request for relief on different claims. In the proceedings before the ALJ, Smith sought relief pursuant to the IDEA. Here, however, Plaintiffs allege that Defendants' refusal to permit O.A.'s insurance-funded therapist to accompany him at School and provide him therapy denied O.A. access to public education and amounted to disability-based discrimination under the ADA and Section 504. Plaintiffs also seek damages for violation of O.A.'s rights under 42 U.S.C. § 1983.

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters which the movant has the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing requires establishing "beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). On issues where the moving party does not have the burden of proof at trial, the moving party is only required to show that there is an absence of evidence to support the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 325. Upon such a showing, the court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

Summary judgment is also appropriate where the parties raise only questions of law, the resolution of which does not involve disputed material facts. *Delbon Radiology v. Turlock Diagnostic Ctr.*, 839 F. Supp. 1388, 1391 (E.D. Cal. 1993); *see also Edwards v. Aguillard*, 482 U.S. 578, 594 (1987) (summary judgment was appropriate because it rested on interpretation of a statute and not on any disputed facts).

### IV.   DISCUSSION

By their Motion, Plaintiffs ask the Court to issue an order holding that, as a matter of law, the requirements of the IDEA are irrelevant to a determination of whether Defendants must allow O.A. to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

receive in-school treatment by his private ABA therapist under the ADA, Section 504, and 42 U.S.C § 1983.

The IDEA ensures that children with disabilities receive a free appropriate public education ("FAPE"). 20 U.S.C. § 1400(d)(1)(A). A FAPE encompasses both instruction and related services provided to meet the unique needs of a child with a disability. *Id.* § 1401(9), (26), (29). The "primary vehicle" for implementing a FAPE is an individualized education program ("IEP"). *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748–49 (2017) (quoting *Honig v. Doe*, 484 U.S. 305, 311 (1988)). An IEP must be "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017). Parents may challenge the adequacy of an IEP or its implementation through the IDEA's administrative process. *D.D. ex. rel. Ingram v. L.A. Unified Sch. Dist.*, No. 19-55810, 2020 WL 7776924, at *5 (9th Cir. Dec. 31, 2020).

In contrast, the ADA and Section 504 "sweep more broadly," covering discrimination claims, brought by both children and adults with disabilities, concerning access to public schools and other settings. *Id.* at *13. Claims brought pursuant to 42 U.S.C. § 1983 sweep more broadly still, as Section 1983 protects U.S. citizens and other persons against deprivation of their federally secured rights. *See generally* 42 U.S.C. § 1983.

Thus, whereas the IDEA aims to provide a child with "the capability to 'access' learning within his classroom," the ADA and Section 504's goal is to give children with disabilities "reasonable accommodations so they can 'access' the school program at all—i.e., to ensure they are not excluded from school . . . and, as a result, denied *the opportunity* to obtain the individualized attention necessary to receive an appropriate public education." *L.A. Unified Sch. Dist.*, 2020 WL 7776924, at *5.

However, the IDEA contains an exhaustion requirement. Although the IDEA does not purport to "restrict or limit the rights, procedures, and remedies" provided to children with disabilities by laws such as the ADA and Section 504, if a suit brought under such a law "seek[s] relief that is also available under" the IDEA, the plaintiff must first exhaust the IDEA's administrative procedures. 20 U.S.C. § 1415(*l*). To meet the exhaustion requirement, the plaintiff must request a due process hearing with the Office of Administrative Hearings and file an appeal if applicable. *See id.* § 1415(i)(1)(B) (a decision made at a due process hearing "shall be final," except where a party brings a civil action); *cf. Porter v. Bd. of Trs. of Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1069 (9th Cir. 2002) (because neither party appealed the due process hearing decision, the order was final under the IDEA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

Plaintiffs received a due process hearing under the IDEA and are currently appealing the ALJ's Decision. Plaintiffs appear to concede that they have not exhausted their administrative remedies under the IDEA. Accordingly, to the extent that Plaintiffs seek relief in the case at bar that is also available under the IDEA, regardless of the statutory basis asserted, this case is barred until the IDEA procedures have been exhausted. Therefore, by their Motion, Plaintiffs ask the Court to find that Plaintiffs are not seeking relief that is also available under the IDEA. For the following reasons, the Court grants the Motion.

Whether a plaintiff seeks relief that is also available under the IDEA "hinges on whether a lawsuit seeks relief for the denial of a [FAPE]." *Fry*, 137 S. Ct. at 754. If the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required. *Id.* To determine whether a plaintiff seeks relief for the denial of a FAPE, courts must look the gravamen of the plaintiff's complaint—*i.e.*, "the 'substance' of, rather than the labels used in, the plaintiff's complaint." *Id.* at 755.

In *Fry*, the Supreme Court articulated two "clues" to assist lower courts in the examination of "whether the gravamen of [a] complaint concerns the denial of a FAPE or disability-based discrimination." *L.A. Unified Sch. Dist.*, 2020 WL 7776924, at *7 (citing *Fry*, 137 S. Ct. at 756–57). The first clue entails answering two hypothetical questions: "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Fry*, 137 S. Ct. at 756. If the answer to both questions is yes, the complaint does not likely allege the denial of a FAPE; if the answer is no, then it likely does. *Id.*

The second clue entails examining the history of the plaintiff's prior pursuit for relief. *Id.* at 757. If a parent initially invokes the IDEA's administrative procedures, that "may suggest that she is indeed seeking relief for the denial of a FAPE." *Id.* The *Fry* Court was concerned that the "shift to judicial proceedings prior to full exhaustion [may reflect] only strategic calculations about how to maximize the prospects of [a plaintiff's] remedy." *Id.* However, "[w]hether that is so [will] depend[] on the facts" of a particular case. *Id.*

The Court examines Plaintiffs' FAC and then considers the *Fry* clues.

    **A.**   **Examining Plaintiffs' FAC**

In their FAC, Plaintiffs allege that Defendants denied O.A. a reasonable accommodation that he required to enjoy equal access to the benefits of a public education. (FAC ¶¶ 27–41, ECF No. 33.) In particular, Plaintiffs allege that Defendants discriminated against O.A. on the basis of his disability by forcing him to miss school when his family chose to pursue therapy instead of school attendance. Plaintiffs also allege that Defendants subjected O.A. to an unsafe school environment in which he was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

tied to a bench by Defendants, allowed to sit in his own feces and urine during school, bullied, left unsupervised, and allowed to wander off from his classroom and School grounds. (FAC ¶¶ 12, 13, 22, 30, 31.) Accordingly, Plaintiffs allege that Defendants denied O.A. an "educational *opportunity*," rather than that his IEP was defective. *L.A. Unified Sch. Dist.*, 2020 WL 7776924, at *8. Thus, the gravamen of the FAC supports the conclusion that Plaintiffs' suit does not implicate a denial of a FAPE.

    **B.**    **The *Fry* Clues**

Having examined Plaintiffs' FAC, the Court applies the two *Fry* clues.

    *1.*    *Two Hypothetical Questions*

When considering the two hypothetical questions posed in *Fry*, the Ninth Circuit has noted that they "are not meant to shed light on whether the plaintiff was entitled to the specific accommodation he claims he was unlawfully denied . . . but, rather, to serve as a tool in determining whether the 'essence [of his claim] is equality of access to public facilities [or] adequacy of special education.'" *See id.* at *10 (alternations in original) (quoting *Fry*, 137 S. Ct. at 756). Due to the denial of the ABA therapy at school, Plaintiffs assert that O.A. could not attend the School for a period of time and was unsafe when he did. O.A.'s need for the ABA therapy while at School, thus, centers on O.A.'s access to the School itself, not on the adequacy of his special education.

As such, Plaintiffs could have brought essentially the same claim against any public facility that refused O.A. entry based on the behavioral symptoms of his disability. Similarly, an adult visitor or employee of a public school may be entitled to the same accommodation. *See id.* at *10 (finding that a child with behavioral disability whose parent requested an accommodation of one-on-one aide during school could bring a "'variant of [the] suit' if [a child] were refused entry to a public library or a municipal theater based on the behavioral symptoms of his disability" (first alteration in original)); *see also K.M. ex. rel. Markham v. Tehachapi Unified Sch. Dist.*, No. 1:17-CV-01431-LJO-JLT, 2018 WL 2096326, at *5 (E.D. Cal. May 7, 2018) (finding that a disabled child's claim for discrimination based on a public school's refusal to allow her to be accompanied by her ABA therapist during school could be brought under the ADA and Section 504 against any other public facility); *Fry*, 137 S. Ct. at 755–56 (finding that a child who was denied access to a public school with her service dog could bring a discrimination claim if prevented from entering a public library or a theater with her service dog). Therefore, the first *Fry* clue also favors a finding that Plaintiffs' FAC does not concern a denial of a FAPE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

2. *History of Prior Request for Relief*

The Court now examines Smith's prior requests for relief. In her due process hearing before the ALJ, Smith sought the same relief that Plaintiffs seek here—an order permitting O.A. to receive care from a one-on-one aide while O.A. is at School. However, Plaintiffs' initiation of the case at bar before the ALJ rendered her decision and during the pendency of Smith's appeal does not implicate the Supreme Court's concerns regarding failure to exhaust because Plaintiffs' filing of this lawsuit cannot be attributed to "strategic calculations about how to maximize the prospects of [her] remedy." *Fry*, 137 S. Ct. at 757.

First, in her due process hearing, Smith was seeking the requested accommodation based on Defendants' failure to provide O.A. with a FAPE. The ALJ Decision sets out the seventeen issues that the ALJ considered in Smith's due process hearing: all but one relate to whether the School's IEP denied O.A. an adequate education. (ALJ Decision 2–5.) Here, however, the allegations in the FAC demonstrate that Plaintiffs seek to remedy O.A.'s alleged exclusion from the School, not any deficiencies in O.A.'s IEP. *See L.A. Unified Sch. Dist.*, 2020 WL 7776924, at *7 ("[T]he same remedy may be sought for two different purposes: one, to address a child's exclusion from school—his access to any education—and, two, to address that child's ability to benefit from instruction so that he may obtain an 'appropriate' education."). Further, the fact that Smith has expressly invoked the statutes implicated in this suit in her Request for Due Process Hearing "belies any inference that [she] attempted to change strategies midstream." *Id.* at *11 (finding that a parent of a disabled child did not switch her strategies midstream because she initially presented ADA and Section 504 claims along with an IDEA claim); *see* Req. for Due Process Hr'g 1, 10, 11, ECF No. 65-9. Therefore, the second clue also favors a finding that Plaintiffs' FAC does not concern a denial of a FAPE.

Accordingly, the Court finds that the gravamen of Plaintiffs' FAC concerns disability-based discrimination, not the denial of a FAPE. Hence, Plaintiffs are not seeking relief that is also available under the IDEA, rendering the IDEA's exhaustion requirement irrelevant to this suit.

**V.    EVIDENTIARY OBJECTIONS**

Because the issue raised by this Motion concerned a question of law, resolution of which did not involve any disputed material facts, but only examination of Plaintiffs' FAC, Smith's Request for Due Process Hearing, and the ALJ Decision, Defendants' evidentiary objections (*see generally* Defs.' Evid. Objs., ECF No. 65-3.) are **OVERRULED** as moot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00087-RGK-MAA | Date | February 10, 2021 |
|---|---|---|---|
| Title | *Jesika Smith, et al. v. Orcutt Union School District et al* | | |

## VI.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion.

**IT IS SO ORDERED.**

                                                                                          _____ : _____

Initials of Preparer