Molly Thurmond (SBN# 104973)
Cyrus Khosh-Chashm (SBN# 290643)
**MC Law Group, APC**
3905 State Street, Ste. 7-351
Santa Barbara, CA 93105-3138
Tel: (805) 979-9052
molly@mcgrouplaw.com

Attorneys for: Defendant, Orcutt
Union School District

*Fee Exempt Pursuant to Govt. Code §6103*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.A. (a minor, by and through his mother, JESIKA SMITH)<br><br>              Plaintiff,<br><br>vs.<br><br>ORCUTT UNION SCHOOL DISTRICT; DEBORAH BLOW, in her individual and official capacity; KATHY LONG, in her individual and official capacity; and DOES 1 – 10;<br><br>              Defendants. | CASE NO.: 2:20-cv-00087-RGK-MAA<br>[*Assigned to Hon. R. Gary Klausner, District Court Judge and Hon. Maria A. Audero, Magistrate Judge*]<br><br>**[~~PROPOSED~~] FINAL JUDGMENT**<br><br><u>Trial:</u><br>DATE: June 24-25, 2021<br><br>Complaint Filed: Jan. 3, 2020 |

I.    <u>**INTRODUCTION**</u>

On March 11, 2020, O.A., a minor proceeding by and through his mother Jesika Smith ("Smith") (collectively, "Plaintiffs"), filed a First Amended Complaint ("FAC") against Orcutt Union School District ("OUSD"), Deborah Blow, in her individual and official capacities, and Kathy Long, in her individual and official capacities (collectively, "Defendants"), alleging violations of: (1) the Americans with

Disabilities Act, 42 U.S.C. §12101 ("ADA"); (2) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and (3) 42 U.S.C. §1983.

The case proceeded to a bench trial on June 24 and 25, 2021. At the close of Plaintiff's case-in-chief, defense counsel entered an oral motion for judgment on partial findings, pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. The Court informed defense counsel that any such motion should be made in writing, and permitted defense counsel to file a written motion on or before June 28, 2021. The Court deferred ruling on the motion, and the trial continued until both parties had rested and all evidence had been heard. On June 28, 2021, defendant Orcutt Union School District (hereinafter OUSD) filed its written motion pursuant to F.R.C.P. 52(c). On July 23, 2021 the Court entered its order, granting the School District's motion, and entering judgment for Defendant.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court's opinion serves as the findings of fact and conclusions of law required by Federal Rule of Civil Procedure ("Rule") 52, and stated that "[a]ny findings of fact that actually constitute a conclusion of law is adopted as such, and vice versa." The Court ordered as follows:

## A.   Findings of Fact

O.A. is now nine years old and is eligible for special education and related services in the areas of Autism and Other Health Impairment. O.A.'s disability causes difficulty developing skills in reading, math, language arts readiness, social/behavior/emotional skills, attention, self-care, fine motor, and visual motor. In December of 2018, Smith took O.A. out of school at OUSD and placed him in a homeschool program. To date, O.A. remains out of school.

O.A. receives Applied Behavior Analysis ("ABA") Therapy from a company called Holdsambeck Behavioral Health ("Holdsambeck"). When Holdsambeck's regional clinical director, Jennifer Posey, began working with O.A. in the spring of 2020, Holdsambeck provided O.A. with two ABA therapists at a time for 40 hours per

week. Holdsambeck subsequently reduced the intensity of O.A.'s services based on the progress O.A. has made with his therapy. He is now approved for 40 hours of ABA therapy per week with only one therapist at a time.

Plaintiff's expert, Doctor Betty Jo Freeman ("Dr. Freeman") testified that ABA therapy entails "a comprehensive program that addresses children across all environments[.]" Dr. Freeman further testified "that this type of a program improves the outcoes for all children on the autism spectrum."  Dr. Freeman has never seen O.A. or evaluatated his individual circumstances.

**B.   Conclusions of Law**

To prevail on a claim under 504 or Title II of the ADA, a plaintiff must show: (1) [he] is a qualified individual with a disability; (2) [he] was denied 'a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services;' and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010)). "A plaintiff may satisfy prong two by showing that the federally funded program denied [him] services that [he] needed to enjoy meaningful access to the benefits of a public education and that were available as reasonable accommodations." *Id*. (citations omitted); (*Zuckle v. Regents of Univ. of California*, 166 F.3d 1041, 1046 (9th Cir. 1999)) (A public entity must "make reasonable modifications in policies, practices, or procedures when the modifiations are necessary to avoid discrimination on the basis of disability[.]"). The determination of whether there was a denial of reasonable accommodation or of meaningful access involves a fact-specific investigation. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

Here, Defendants argue that Plaintiffs have failed to show that their requested modification – allowing O.A. to have his Holdsambeck ABA therapists present with him at school – is needed for O.A. to enjoy meaningful access to the benefits of a public education. The Court agrees.

1         The entirety of Plaintiff's argument regarding whether the requested
2   accommodation is needed is as follows:

3         Jennifer Posey's unopposed testimony and treatment records established that
4   O.A.'s ABA treatment is medically necessary treatment for his autism, and currently
5   prescribed for 40-hours per week, to be administered across all settings. Jennifer
6   Posey's unopposed testimony and treatment records established that O.A.'s treatment
7   is funded through insurance, which requires it to be medically necessary. (Trial
8   Transcript 30:4, 3:12) Ms. Posey testified to the documentation she was required to
9   provide for O.A. (*See* Trial Exhibits 5 & 6) in order for him to maintain funding
10  through O.A.'s insurance, which includes continued proof that the ABA treatment is
11  medically necessary, and that he is benefitting from his treatment. (Trial Transcript,
12  25:23-26:1) Dr. Freeman's expert testimony established that a medical diagnosis of
13  autism requires medical treatment – specifically ABA treatment – (Trial Transcript,
14  p.78:15-16) and that although [individualized education plans] could provided
15  educational services, an IEP team could not determine medical necessity. (Trial
16  Transcript, p.79:22-24)
17  (Opposition at 14).

18        Plaintiffs' evidence supports a conclusion that O.A. benefits from the ABA
19  therapy that Holdsambeck provides, that autism requires medical treatment, and that
20  ABA therapy is, in Dr. Freeman's view, "the treatment for autism." But Plaintiffs
21  failed to put on any evidence that OUSD needs to modify its program to allow O.A.'s
22  Holdsambeck therapists to be present with him at all times during the school day in
23  order for O.A. to enjoy meaningful access to the benefits of a public education.
24  Plaintiffs' assertion that ABA therapy qualifies as "medically necessary" under the
25  California Insurance Code has no beargin on whether O.A. needs ABA therapy to
26  enjoy meaningful access to school. Further, there has been no showing that O.A.
27  requires his ABA therapy to be administered by Holdsambeck while he is at school.
28  Nor does Dr. Freeman's testimony that ABA therapy is the best form of treatment for

autism establish that O.A. is denied access to school if he cannot be accompanied by his Holdsambeck ABA therapists.

The Court therefore concludes that Plaintiffs failed to put on evidence in their case-in-chief to establish that their requested modification was "needed for [O.A.] to enjoy meaningful access to the benefits of a public education[.]" *A.G.*, <u>815 F.3d at 1204</u>.

## III.   **<u>EVIDENTIARY OBJECTIONS</u>**

To the extent the Court has relied on evidence to which the parties object, those objections are overruled.

## IV.   **<u>CONCLUSION</u>**

For the foregoing reasons, the Court GRANTS Defendants' Motion and ENTERS JUDGMENT FOR DEFENDANTS.

The Court further denies as moot the motions pending at Docket Entries 69, 70, 71, 98, 106, 107, 108, 122, and 131.

**IT IS SO ORDERED.**

DATED: December 27, 2021

_____

Hon. R. Gary Klausner, United States District Court Judge